UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RAY FRANCE,<br><br>Plaintiff,<br><br>v.<br><br>MENDOCINO COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | Case No. 16-cv-01058-JSC<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, currently a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the Mendocino County Sherriff's Office ("MCSO") and four MCSO officials based on events that took place while Plaintiff was at the Mendocino County Jail.[1] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is ordered served upon Defendants.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 3.)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that defendants Deputy S. Siderakis and Deputy J. Woida punched and kicked him repeatedly in his jail cell on January 1, 2016. He alleges that he was not threatening them or anyone, but merely tried to defend himself during the altercation by covering his face with his arms. He also alleges that he suffered facial injuries, two black eyes, a bloody nose, contusions and swelling, and a broken ankle. He further alleges that he did not receive any medical care for his injuries because the jail nurses were told by unnamed deputies not to care for him. According to Plaintiff, defendants Captain Timothy Pearce (the Facility Commander) and Lieutenant Bednar (the Second-in-Command) did not discipline Deputies Siderakis and Woida for their conduct, and knew about the Deputies' history of violent conduct towards inmates. Plaintiff asserts Pearce and Bednar have condoned violent treatment of inmates at the jail.

When liberally construed, Plaintiff's allegations state cognizable claims against defendants Siderakis, Woida, Pearce, Bednar and the MCSO for violating his constitutional rights by subjecting him to the use of excessive force and failing to provide him with adequate safety and

medical care.

It is noted that the precise constitutional rights at issue depend on whether Plaintiff was a pretrial detainee or had already been convicted when the violations occurred.  When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment.  *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). A sentenced inmate, on the other hand, may not be subject conditions of confinement that are "cruel and unusual" under the Eighth Amendment.  *Id.* at 535 n.16; *see Resnick v. Hayes*, 213 F.3d 443, 447-48 (9th Cir. 2000) (prisoner who has been convicted but not yet sentenced should be treated as sentenced prisoner, rather than pretrial detainee).  Plaintiff does not indicate in his complaint whether he was a pretrial detainee when the violations occurred.  Defendants are presumably able to access that information, however, so he will not be required to amend the complaint at this time.  Moreover, this distinction may not make a difference in the analysis of Plaintiff's claims because even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment may serve as a benchmark for evaluating those claims.  *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted) ("The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons."); *see*, *e.g.*, *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment deliberate indifference standard applicable to pretrial detainees' medical claims) .

## CONCLUSION

1.      The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the complaint with attachments, and a copy of this order on the **Mendocino County Sherriff's Office**, and on **Captain Timothy Pearce, Lieutenant Bednar, Deputy S. Siderakis, and Deputy J. Woida** at the **Mendocino County Sherriff's Office**.

The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent form, the complaint with all attachments and a copy of this order to the Mendocino County Counsel's Office.

2.      Defendants shall complete and file the Magistrate Judge jurisdiction consent form within the deadline provided on the form.  They shall also file an answer in accordance with the Federal Rules of Civil Procedure.

3.      To expedite the resolution of this case:

a. No later than **91** days from the date this order is issued, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the

3

events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

   c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

   d. Defendants shall file a reply brief no later than **14** days after the opposition is filed.

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

  4. All communications by Plaintiff with the Court must be served on Defendants or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

  6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: July 5, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL RAY FRANCE,

    Plaintiff,

    v.

MENDOCINO COUNTY SHERIFF'S OFFICE, et al.,

    Defendants.

Case No. 16-cv-01058-JSC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 5, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Ray France ID: AZ6601
San Quentin State Prison
San Quentin, CA 94974

Dated: July 5, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

7